# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 08-Cr-342

JUAN ALBERTO TORRES-MENDOZA,
 a/k/a OSCAR ARANDA-TORRES,
 a/k/a CARLOS M. TORRES,
 a/k/a CARLOS TORRES-MENDOZA,

    Defendant.

## **RECOMMENDATION RE: DEFENDANT'S MOTION TO TRANSFER VENUE**

    On December 16, 2008, a federal grand jury sitting in this district returned a one-count indictment against defendant Juan Alberto Torres-Mendoza, a/k/a Oscar Aranda-Torres, a/k/a Carlos M. Torres, a/k/a Carlos Torres-Mendoza. The defendant is charged with being found in the United States without the express consent of the United States Attorney General or his successor, the Secretary of the Department of Homeland Security, for re-application for admission into the United States after he was previously removed, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

    On December 17, 2008, the defendant appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to suppress statements (Docket #8) and a motion to change venue to Green Bay.

(Docket #9). The motion to change venue will be addressed herein. The motion to suppress will be addressed in a separate decision.

## **DEFENDANT'S MOTION TO TRANSFER VENUE**

The defendant, Juan Alberto Torres-Mendoza, has filed a motion to transfer venue from the Milwaukee Division of the Eastern District of Wisconsin to the Eastern District's Green Bay Division. (Docket #9). The defendant recognizes that he has no constitutional right to a trial within a certain division of a given district. He points out, however, that the district court has discretion to determine where within a district a trial shall be held. The defendant relies on Fed. R. Crim. P. 18 and the General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin. The defendant asserts that the location of the events forming the basis of the charges against him occurred in the Green Bay division, the division where he was "found." He states that his wife and children reside in Green Bay and would have difficulty attending court proceedings in Milwaukee and that the government would not be inconvenienced by the transfer since the United States Attorney's Office has a branch office in Green Bay and the Probation Department has officers assigned to that division. He acknowledges that the United States Immigration and Customs Enforcement (ICE) only has an office in Milwaukee.

In opposing the motion, the government correctly asserts that the defendant does not have a constitution or statutory right to be tried in a specific division within a district as long as the trial occurs in the district where the charged offense took place. The government further asserts that the case agent and other law enforcement witnesses are located in the Milwaukee area and, therefore, travel and lodging costs would be incurred if the case were removed to the Green Bay division.

- 2 -

Rule 18 of the Federal Rules of Criminal procedure states in relevant part that "the government must prosecute an offense in the district where the offense [was] committed." Thus, venue for this action is proper in the Eastern District of Wisconsin. However, Rule 18 "allows the court, at its discretion, to order a change of venue when necessary to protect the interests of justice, or convenience of the defendant or the witnesses in a given trial." Humphrey v. United States, 896 F.2d 1066, 1069 (7th Cir. 1990).

The General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin, as amended effective January 1, 2005, [General Order] sets forth assignment of civil and criminal cases between the two divisions. The General Order also addresses the transfer of cases between the two divisions and provides in part:

> In criminal cases, any defendant may object to the designation by the United States Attorney's office of an offense having been committed in any particular county for purposes of assignment, on the grounds that the offense was not committed in the county designed by the United States Attorney's office.
>
> In civil and criminal cases, the ultimate decision as to the appropriate assignment, even without objection, rests with the Judge to whom the case is assigned, and nothing in this Order creates any substantive rights.

The defendant is charged with being an alien who had previously been removed from the United States on about July 5, 1998, and "was found in Brown County, Wisconsin, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security," to reapply for admission to the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Section 1326(a)(2) subjects to deportation any alien who has been removed from the United States, if the alien "enters, attempts to enter or

is at any time found in, the United States" unless appropriate consent to reapply for admission has been granted.

In this case, the defendant was "found" at the Brown County Jail in the Green Bay division. See 8 U.S.C. 1326(a)(2). He was brought to the Milwaukee division apparently because the ICE office is located in Milwaukee. While the defendant asserts that trial in Green Bay would be more convenient, the government indicates that its law enforcement witnesses are located in Milwaukee. Thus, this factor is not determinative. Nonetheless, the General Order divides the Eastern District by geography for the purpose of the assignment of cases between the two divisions and gives the court discretion as to the appropriate assignment.

Here, this court has considered the relevant circumstances and factors relating to the change of venue motion – the fact that the defendant was found in the Green Bay division and then was transferred to the Milwaukee division, the convenience of the defendant, the interests of justice and the court's ability under the General Order to decide, in its discretion, the appropriate assignment of the case. Based on such considerations, this court concludes under the unique facts of this case, changing the venue for trial of this case to the Green Bay division is warranted. Accordingly, since the General Order requires that the "ultimate decision as to the appropriate assignment . . . rests with the Judge to whom the case is assigned," (General Order, §3 at 2), this court will recommend to United States district judge Charles N. Clevert that the defendant's motion to transfer venue be granted.

**NOW, THEREFORE, IT IS RECOMMENDED** that United States district judge Charles N. Clevert enter an order **granting** defendant Torres-Mendoza's motion to transfer venue to the Green Bay Division of the Eastern District of Wisconsin. (Docket #9).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to the recommendation herein or part thereof may be filed, as the parties agreed, within five business days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2009.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge